UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| EARLIE B.A. BERRY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-03651-JRS-MPB |
| | ) | |
| ARAMARK CORRECTIONAL SERVICES, | ) | |
| LLC[1] | ) | |
| ARAMARK SUPERVISOR BRANDON | ) | |
| MILLER, | ) | |
| ARAMARK STAFF MRS. TYE, | ) | |
| ARAMARK SUPERVISOR MARY ANN, | ) | |
| ARAMARK SUPERVISOR VONKA, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff Earlie B. A. Berry, Jr., an inmate currently incarcerated at Putnamville

Correctional Facility ("Putnamville"), brought this action against Aramark Correctional Services,

LLC ("Aramark") and several Aramark employees. Mr. Berry alleges that the defendants have not

provided him with a medical diet free of soy and egg products despite the fact that he has a doctor's

order for the diet.

Presently before the Court is Mr. Berry's motion for a preliminary injunction. He asks the

Court to order the defendants to place him on a diet free of soy and egg products. The defendants

responded that Indiana Department of Correction ("IDOC") policy requires approval by the

regional medical director or chief medical officer before Aramark can provide a medical diet to an

inmate and that they have not received such an approval for Mr. Berry's medical diet. Dkt. 82.

---

[1] **The clerk is directed** to update the docket to reflect that the defendant Aramark Food Company
is actually "Aramark Correctional Services."

Mr. Berry replied that IDOC policy does not require approval by the regional medical director or chief medical officer for a medical diet. For the reasons discussed below, the evidence shows that Mr. Berry is entitled to a preliminary injunction.

## I.
## Legal Standard

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "To obtain a preliminary injunction, a plaintiff must establish that it has some likelihood of success on the merits; that it has no adequate remedy at law; that without relief it will suffer irreparable harm." *GEFT Outdoors, LLC v. City of Westfield*, 922 F.3d 357, 364 (7th Cir. 2019) (citation and quotation marks omitted); *see Winter*, 555 U.S. at 20. "If the plaintiff fails to meet any of these threshold requirements, the court must deny the injunction." *GEFT Outdoors*, 922 F.3d at 364 (citation and quotation marks omitted).

If the plaintiff passes the threshold requirements, "the court must weigh the harm that the plaintiff will suffer absent an injunction against the harm to the defendant from an injunction, and consider whether an injunction is in the public interest." *Planned Parenthood of Ind. & Ky., Inc. v. Comm'r of Ind. State Dep't of Health*, 896 F.3d 809, 816 (7th Cir. 2018). The Seventh Circuit "'employs a sliding scale approach' for this balancing: if a plaintiff is more likely to win, the balance of harms can weigh less heavily in its favor, but the less likely a plaintiff is to win the more that balance would need to weigh in its favor." *GEFT Outdoors*, 922 F.3d at 364 (quoting *Planned Parenthood*, 896 F.3d at 816).

## II.
## Discussion

### A.  Likelihood of Success on the Merits

The Court begins with whether Mr. Berry has a likelihood of success on the merits of his Eighth Amendment medical claim. Mr. Berry was and remains a convicted prisoner, thus his treatment and

the conditions of his confinement are evaluated under standards established by the Eighth Amendment's proscription against the imposition of cruel and unusual punishment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."). Pursuant to the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, meaning they must take reasonable measures to guarantee the safety of the inmates and ensure that they receive adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

"To determine if the Eighth Amendment has been violated in the prison medical context, [the Court] perform[s] a two-step analysis, first examining whether a plaintiff suffered from an objectively serious medical condition, and then determining whether the individual defendant was deliberately indifferent to that condition." *Petties v. Carter*, 836 F.3d 722, 727-28 (7th Cir. 2016) (en banc). To show deliberate indifference, "a plaintiff does not need to show that the official intended harm or believed that harm would occur," but "showing mere negligence is not enough." *Id.* at 728. Instead, a plaintiff must "provide evidence that an official *actually* knew of and disregarded a substantial risk of harm." *Id.*

The parties do not dispute that Dr. Talbot ordered a diet free of soy and egg products for Mr. Berry in July of 2019 and that Aramark has not provided the ordered diet to Mr. Berry. Instead, the defendants argue that IDOC policy requires an additional approval from the regional medical director or chief medical officer before Aramark can provide the ordered diet to Mr. Berry. In support of their argument the defendants provide what appears to be an Aramark policy document that requires the additional approval. Mr. Berry, on the other hand, provides an IDOC policy regarding medical diets and that policy makes no mention of approval from the regional medical director or chief medical officer. Dkt. 90-1 at 45-47; 66-68.

Although the evidence is disputed, a jury could conclude that IDOC policy requires Aramark to provide a medical diet when a physician orders one and that Aramark has imposed an additional hurdle to the provision of medical diets. The Seventh Circuit has held that "[i]nterference with prescribed treatment is a well-recognized example of how nonmedical prison personnel can display deliberate indifference to inmates' medical conditions." *McDonald v. Hardy*, 821 F.3d 882, 890 (7th Cir. 2016). Mr. Berry has therefore shown a significant likelihood of success on his Eighth Amendment claim.

### B. No Adequate Remedy at Law

The Court turns next to the second factor, which asks whether there is "no adequate remedy at law." *GEFT Outdoors*, 922 F.3d at 364 (citation and quotation marks omitted). This factor requires Plaintiff to establish "that any award would be seriously deficient as compared to the harm suffered." *Whitaker by Whitaker v. Kenosha Unified School District No. 1 Board of Education*, 858 F.3d 1034, 1045 (7th Cir. 2017) (citations and quotation marks omitted).

Mr. Berry presents evidence that he is allergic to soy and egg products. Dkt. 81-1. The defendants contend that Dr. Mitcheff, Regional Medical Director of Wexford of Indiana, LLC, recently ordered additional allergy testing for Mr. Berry because the previous test used to determine Mr. Berry's allergies "is not a helpful test." Dkt. 82 at 5. Dkt. 82-1 at 19.

Mr. Berry alleges that his weight has fluctuated between 220 pounds and 180 pounds due to lack of nutrition while he has been denied a diet free of soy and egg products. He has resorted to eating small portions of foods containing soy or egg just to sustain himself. Dkt. 80. Mr. Berry supplemented his reply to include information regarding his vitamin B-12 deficiency. He argues that this deficiency is caused by the defendants' failure to provide him a diet free of soy and egg products. Dkt. 107. Mr. Berry attaches to his supplemental reply a prescription for vitamin B-12 issued to him by Dr. Talbot on November 13, 2019. Dkt. 107-1. He also attaches information about Vitamin B-12 deficiency which lists stroke, myocardial infarction, pulmonary embolism, and other life-threatening

conditions as possible complications of the deficiency. Any award of damages made at the end of this litigation would be deficient in comparison to the harm Mr. Berry may suffer by continuing to choose between either eating food containing allergens and risking a reaction or forgoing that food and risking malnutrition. The evidence is sufficient to establish that he has no adequate remedy at law. *See Whitaker*, 858 F.3d at 1046 (holding that there is no "adequate remedy for preventable life-long diminished well-being and life-functioning" (internal quotation marks omitted)).

### C. Irreparable Harm

The third threshold factor requires Mr. Berry to establish irreparable harm. "[H]arm is considered irreparable if it cannot be prevented or fully rectified by the final judgment after trial." *Whitaker*, 858 F.3d at 1045 (citation and internal quotation marks omitted). For the same reasons Mr. Berry has no adequate remedy at law, he has established that he faces irreparable harm absent a preliminary injunction.

### D. Balance of Harms & Public Interest

Because Mr. Berry has established the above three threshold requirements, "the court must weigh the harm that the plaintiff will suffer absent an injunction against the harm to the defendant from an injunction, and consider whether an injunction is in the public interest." *Planned Parenthood of Ind. & Ky.*, 896 F.3d at 816. The Seventh Circuit "'employs a sliding scale approach' for this balancing: if a plaintiff is more likely to win, the balance of harms can weigh less heavily in its favor, but the less likely a plaintiff is to win the more that balance would need to weigh in its favor." *GEFT Outdoors*, 922 F.3d at 364 (quoting *Planned Parenthood*, 896 F.3d at 816).

As noted above, Mr. Berry has a significant likelihood of success on the merits. Moreover, the balance of harms weighs in his favor. He has presented evidence that he suffers due to the denial of a diet free of soy and egg products and risks serious harm after developing a vitamin B-12 deficiency. The defendants have not presented any evidence that they will suffer harm if a preliminary injunction is entered. Without such evidence, the balance of harms weighs in Mr. Berry's favor.

For similar reasons, public interest favors granting a preliminary injunction. It is in the public interest to ensure that inmates' Eighth Amendment rights are upheld and that violations of them do not lead to unnecessary suffering or worse. More generally, the vindication of constitutional rights serves the public interest. *See Joelner v. Vill. of Washington Park, Ill.*, 378 F.3d 613, 620 (7th Cir. 2004) ("Surely, upholding constitutional rights serves the public interest.") (quoting *Newsom v. Albemarle County Sch. Bd.*, 354 F.3d 249, 261 (4th Cir. 2003)); *see also Preston*, 589 F.2d at 303 n.3 ("The existence of a continuing constitutional violation constitutes proof of an irreparable harm, and its remedy certainly would serve the public interest.").

Accordingly, Mr. Berry is entitled to a preliminary injunction.

### III.
### Conclusion

For the reasons explained above, Mr. Berry's motions for preliminary injunction, dkts. [79] & [80], and his motions to grant his motion for preliminary injunction, dkts. [86] & [106], are **granted**.

Preliminary injunctive relief related to prison conditions "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Given the likelihood that Mr. Berry can show the defendants are acting with deliberate indifference to his serious medical need, the preliminary injunction set forth below is the least intrusive means to correct the harm.

The preliminary injunction automatically expires ninety days after the issuance of this Order. *Id.* Mr. Berry may request that it be renewed by no later than **twenty-one days** before the injunction expires, provided that he submits a health care request form **by February 7, 2020**, requesting the additional testing suggested by Dr. Mitcheff to confirm whether Mr. Berry suffers

from an allergy to egg and soy products. If Mr. Berry seeks to renew the injunction, he must include evidence of his attempts to receive the testing suggested by Dr. Mitcheff and any results of that testing.

The Court enters a preliminary injunction in Mr. Berry's favor as follows:

• Aramark must ensure that Mr. Berry has a standing order to receive a diet free of soy and egg products for all meals while this injunction remains in effect. This order may only be rescinded if the defendants file a motion with the Court providing medical evidence that Mr. Berry does not require a diet free of soy and egg products.

The **clerk is directed** to send a copy of this Order to Wexford of Indiana, LLC, and Douglass Bitner.

**IT IS SO ORDERED.**

Date: 1/23/2020

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

EARLIE B.A. BERRY, JR.
932151
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Christopher Douglas Cody
HUME SMITH GEDDES GREEN & SIMMONS
ccody@humesmith.com

Georgianna Q. Tutwiler
HUME SMITH GEDDES GREEN & SIMMONS
gquinn@humesmith.com

Courtesy copy to:

Wexford of Indiana, LLC
c/o Registered Agent, Corporation Service Co.
135 N. Pennsylvania St.
Ste. 1610
Indianapolis, IN 46204

Douglass A. Bitner
Katz Korin Cunningham, P. C.
The Emelie Building
334 North Senate Avenue
Indianapolis, IN 46204